FILED
2007 OCT -4 PM 3: 46
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ CP _____DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER A. CRAWFORD,<br><br>　　　　Petitioner,<br>v.<br><br>SYLVIA GARCIA, WARDEN, et al.,<br><br>　　　　Respondent. | CASE NO. 05-CV-1385 W (JMA)<br><br>ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY [DOC. NO. 23] |

　　　On July 8, 2005, Petitioner Peter A. Crawford ("Petitioner"), a state prisoner proceeding *pro se*, commenced this 28 U.S.C. § 2254 habeas proceeding. By order dated August 4, 2006, this Court denied habeas relief. On October 1, 2007, more than 13-months after habeas relief was denied, Petitioner filed the pending Application for Certificate of Appealability ("COA"). For the reasons stated below, this Court **DENIES** Petitioner's COA request.

//
//

- 1 -

05cv1385W

I.   **BACKGROUND**

On February 10, 2003, Petitioner was convicted of two counts of committing a lewd act upon a child (Cal. Penal Code § 288(a)) and one count of committing a forcible lewd act upon a child (Cal. Penal Code § 288(b)(1)). Petitioner also admitted to a prior conviction for rape (Cal. Penal Code §§ 667.61(a), (c), (d)), and prior three-strike felony convictions (Cal. Penal Code §§ 667(b)-(I), 668, 1170.12).

On March 26, 2003, the trial court denied Petitioner's motions for a new trial and to strike one or more of his prior convictions. The court then sentenced Petitioner to a total indeterminate term of 150 years to life in state prison.

On January 11, 2005, the California Court of Appeal reduced Petitioner's conviction for committing a forcible lewd act upon a child to the lesser included offense of committing a lewd act upon a child. The remainder of his conviction was affirmed. Petitioner's subsequent petition for review in the California Supreme Court was denied.

On July 8, 2005, Petitioner filed this habeas proceeding. On August 3, 2006, this Court adopted the Magistrate Judge's Report and Recommendation, and denied Petitioner's request for habeas relief. More than a year later, on October 1, 2007, Petitioner filed an application requesting a COA. Petitioner never filed a notice of appeal.

II.   **DISCUSSION**

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 State. 1214 (1996) ("AEDPA"), a state prisoner may not appeal the denial of a section 2254 habeas petition unless he obtains a COA from a district or circuit judge. 28 U.S.C. § 2253 (c)(1)(A); see also United States v. Asrar, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue certificates of appealability under the AEDPA). In addition to obtaining a COA, a habeas petitioner must also file a timely notice of appeal.

"An appeal from a denial of a habeas petition is considered a civil matter and is thus subject to the time limitations set forth in rule 4(a)" of the Federal Rules of Appellate Procedure. <u>Malone v. Avenenti</u>, 850 F.2d 569, 571 (9th Cir. 1988). Under Rule 4(a), an appellant is required to file notice of appeal within 30 days of the judgment date. FED. R. APP. P. 4(a)(1)(A). Thereafter, a 30-day extension is available upon a showing of good cause or excusable neglect. FED. R. APP. P. 4(a)(5). In the Ninth Circuit, when an appellant fails to file a notice of appeal within the initial time period set forth in Rule 4(a)(1), and likewise fails to move for an extension within the 30-day grace period set forth in Rule 4(a)(5), the presiding appellate court *must dismiss the appeal* for lack of appellate jurisdiction. <u>Malone</u>, 850 F.2d at 572. "The procedures set forth in Rule 4 are strictly construed; there is no exception for prisoners proceeding pro se or for habeas corpus actions." <u>Id.</u>

Here, this Court denied Petitioner's habeas petition on August 3, 2006. Under Rule 4, Petitioner had at most 60 days in which to timely file a notice of appeal. As of October 1, 2007 – when Petitioner filed the COA request – Petitioner had not filed a notice of appeal, and the Ninth Circuit would, therefore, not have jurisdiction to entertain his appeal. <u>Malone</u>, 850 F.2d at 572. Because Petitioner's deadline for filing an appeal has expired, his request for a COA is **DENIED**.

### III. CONCLUSION AND ORDER

In light of the foregoing, the Court **DENIES** Petitioner's motion for a certificate of appealability [Doc. No. 23]. The case shall remain closed.

**IT IS SO ORDERED.**

DATE: October 3, 2007

_____
HON. THOMAS J. WHELAN
United States District Court
Southern District of California